IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60818
Summary Calendar
_____


LINDA BRUCE, As Natural Mother and
Next Friend of Samantha T.,

                                        Plaintiff-Appellant,

versus

STEVE E. WIGLEY, Etc.; ET AL.,

                                        Defendants,

SOUTH PANOLA SCHOOL DISTRICT, Jointly and Severally;
RUTH BALL, Individually, Jointly, and Severally;
MARTHA LYNN JOHNSON, Individually, Jointly, and Severally;
TRACY TAYLOR, Individually, Jointly, and Severally,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:99-CV-146-EM
---------------------
August 6, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Linda Bruce appeals the summary-judgment dismissal of her
claims brought under Title IX of the Education Amendments of
1972, 20 U.S.C. § 1681, and Mississippi law.  Bruce contends that
the South Panola School District had notice that Samantha T. was
experiencing student-on-student harassment, yet the school

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district acted unreasonably and with deliberate indifference by failing to investigate and protect Samantha T.  Bruce contends that summary judgment was not appropriate because there were factual issues in dispute concerning whether the school district's response to the harassment, in light of its knowledge of Samantha T.'s situation, was clearly unreasonable.

We review "the grant of a summary judgment motion *de novo*, using the same criteria used by the district court."  *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).  Summary judgment is proper if the pleadings and record evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  To defeat a properly supported summary-judgment motion, the nonmovant must provide affidavits or other competent summary-judgment evidence that sets forth specific facts showing the existence of a genuine issue for trial.  Fed. R. Civ. P. 56(e).

Bruce did not produce evidence to show that the South Panola School District acted with deliberate indifference to student-on-student harassment, of which it had actual knowledge, that was "so severe, pervasive, and objectively offensive" that it can be said to have deprived Samantha T. "of access to the educational opportunities or benefits provided by the school."  *Davis v. Monroe County Bd. of Educ.* 526 U.S. 629, 650 (1999).  The magistrate judge did not err in concluding as a matter of law that the school district's response was not "clearly unreasonable in light of the known circumstances."  *Id.* at 648-49.

On the state tort claims, Bruce did not produce evidence that the appellees breached a duty owed to Samantha T. to provide a safe school environment under the circumstances. *See Pearl Pub. Sch. Dist. v. Groner*, ___ So. 2d ___, 2001 WL 393902 at ¶ 14 (Miss. Apr. 19, 2001) (No. 1999-CA-02027-SCT); *Summers v. St. Andrew's Episcopal Sch.*, 759 So. 2d 1203, 1213 (Miss. 2000).

Accordingly, the judgment of the magistrate judge is AFFIRMED.